**Joseph F. DILLON, III**

v.

**UNITED AIR LINES, INC., et al.**

**No. CIV. A. 00–CV–4641.**

United States District Court,
E.D. Pennsylvania.

Aug. 28, 2001.

---

382

damages. Accordingly, Defendants' Motion will be granted as to Plaintiff's state law claims and demand for punitive damages, and denied as to Plaintiff's claims under Articles 17 and 18 of the Convention.

James B. Mogul, Lowentahl & Abrams, Bala Cynwyd, PA, for plaintiff.

James E. Robinson, Cozen and O'Connor, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

KAUFFMAN, District Judge.

Plaintiff alleges that Defendants damaged his wheelchair while it was checked as baggage during an international flight, and that this damage subsequently caused the wheelchair to malfunction and crash into a wall, resulting in personal injuries to Plaintiff. Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. For the reasons set forth below, Defendants' Motion will be granted in part and denied in part.

Plaintiff's claims are governed by the Warsaw Convention ("the Convention"),[1] a treaty of the United States that regulates liability for international air travel.[2] The Court finds that Plaintiff's Amended Complaint states causes of action for personal injuries under Article 17 of the Convention and for damage to checked baggage under Article 18 of the Convention. The Convention provides an exclusive remedy, and any state law claims asserted by Plaintiff are therefore preempted. Additionally, the Convention does not allow punitive

### BACKGROUND

On May 10, 1998, Plaintiff was a passenger on United Air Lines flight 1251 from Philadelphia, Pennsylvania to Washington, D.C. and on United Air Lines flight 970 from Washington, D.C. to Milan, Italy. Plaintiff checked his motorized wheelchair at the ticket desk in Philadelphia and received a claim check from Defendants. Plaintiff alleges that when he recovered his wheelchair in Italy on May 11, 1998, it was "in a damaged and defective condition, including, but not limited to, cracked off wires and numerous other damaged, defective and cracked areas and conditions." (Am.Compl. ¶ 18.)

On the evening of May 11, 1998, while Plaintiff was using the motorized wheelchair, its "brakes failed, and ... picked up speed unreasonably, and could not be properly stopped." (Am.Compl. ¶ 20.) The malfunctioning wheelchair crashed into a wall, resulting in personal injuries to Plaintiff. (Am.Compl. ¶ 21.)

Plaintiff asserts that he provided verbal notice about the damaged wheelchair to Defendants in Italy, and that he was advised that he needed to make his claim upon return to the United States. (Am. Compl. ¶¶ 25–26.) According to Plaintiff, as soon as he returned to Philadelphia, he made a second verbal report about the damaged wheelchair. (Am.Compl. ¶ 27.)

---

**1.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1936), note following 49 U.S.C. § 40105 (1994).

**2.** The Convention applies "to all international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention, Art. 1(1), 49 Stat. 3014.

He alleges that Defendants assured him that he did not need to complete a written accident report and that the two verbal notices were sufficient. (Am.Compl.¶ 28.)

Plaintiff filed a Complaint in the Philadelphia Court of Common Pleas on August 14, 2000, asserting common law negligence claims against Defendants. Defendants removed the action to this Court on September 13, 2000, and moved to dismiss the Complaint pursuant to Rule 12(b)(6) on September 20, 2000. On October 6, 2000, Plaintiff filed an Amended Complaint, asserting claims under the Convention in addition to his state law claims. On October 19, 2000, Defendant filed the Motion to Dismiss Plaintiff's Amended Complaint that is now before the Court.[3]

## STANDARD FOR REVIEWING MOTION TO DISMISS

When deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir.1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved

3. The Court held oral arguments on February 23, 2001 and requested supplemental briefs from the parties. In his supplemental brief, Plaintiff changed his position and now argues that the Convention does *not* apply to his claims against Defendants. (Pl.'s Supplemental Br. in Support of Pl.'s Opp'n to Defs.' Mot. to Dismiss Pl.'s Am. Compl. at 2.) Plaintiff has not, however, attempted to amend his complaint again to reflect this change in position. In any event, as discussed below, the Court has determined that the Convention does apply.

by the plaintiff. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

## ANALYSIS

### I. *Personal Injuries*

 Plaintiff has stated a claim for his personal injuries under Article 17 of the Convention.[4] For liability under Article 17, three conditions must be satisfied: (1) there was an accident, (2) the passenger suffered bodily injury, and (3) the accident took place on board the aircraft or in the course of operations of embarking or disembarking. *E. Airlines, Inc. v. Floyd,* 499 U.S. 530, 535–36, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991). "Accident" is defined as "an unexpected or unusual event or happening that is external to the passenger." *Air Fr. v. Saks,* 470 U.S. 392, 405, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985).

The United States Supreme Court has established, however, that an accident under Article 17 may be distinct from the actual injury sustained by the passenger, as "it is the cause of the injury that must satisfy the definition rather than the occurrence of the injury alone." *Id.* at 399, 105 S.Ct. 1338. The Supreme Court further stated that "[a]ny injury is the product of a chain of causes, and we require only that the passenger be able to prove that some link in the chain was an unusual or unexpected event external to the passenger." *Id.* at 406, 105 S.Ct. 1338.

4. Article 17 provides:

The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

49 Stat. 3018.

■ Because it is the accident, rather than the injury, that must occur on board the flight or in the course of embarking or disembarking, a plaintiff's location at the time of an injury caused by the accident is irrelevant. "Article 17 applies if the *accident* occurred in the aircraft or during the operations of embarking or disembarking; it does not put any limitation on where the injuries can have occurred." *Pflug v. Egyptair Corp.*, 961 F.2d 26, 29–30 (2d Cir.1992) (holding that, where a hijacking occurred on board an aircraft and a passenger was taken off the plane and shot, Article 17 applied to the passenger's injuries because the accident was the hijacking, not the shooting). "The precipitating cause, the 'accident,' cannot be artificially separated from its results . . . in order to avoid the Warsaw Convention." *Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 141–42 (2d Cir.1998) (holding that Article 17 applied to the defendant's refusal to provide medical care after disembarkation because the "underpinning of the claims" was the scalding of the plaintiff's ear by a flight attendant on board the aircraft); *see also Jack v. Trans World Airlines, Inc.*, 854 F.Supp. 654, 663 (N.D.Cal.1994) (holding that events occurring after disembarkation "were an integral part of the accident and therefore part of the Warsaw Convention cause of action").

■ In this case, Plaintiff's bodily injuries occurred after his disembarkation in Milan, Italy, when his wheelchair malfunctioned and crashed into a wall. The accident that Plaintiff claims caused his injuries, however, was the damage to his wheelchair, which allegedly occurred on board the aircraft or during the operations of embarking or disembarking. (Am. Compl.¶ 30.) Accordingly, Plaintiff has adequately stated a claim for personal injuries under Article 17 of the Convention.[5]

## II. *Damage to the Wheelchair*

■ Plaintiff also has stated a claim for damage to his wheelchair under Article 18 of the Convention.[6] Because Plaintiff alleges that his wheelchair was damaged while in the control of Defendants, Article 18 provides the remedy for the damage.[7] Although Article 18 claims require written notice within a set period, Plaintiff has alleged facts sufficient, if proved, to support the fraud exception to that rule.

■ For an action to lie against a carrier under Article 18, the passenger must give written notice to the carrier within

5. To recover under Article 17, Plaintiff must show that the accident caused his injuries, and to recover fully he must also show that he was not contributorily negligent. *See* Warsaw Convention, Art. 21, 49 Stat. 3019. The Court expresses no opinion on the merits of Plaintiff's claim at this juncture of the case.

6. Article 18 provides, in relevant part:
The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.
Warsaw Convention, Art. 18(1), 49 Stat. 3019.

7. Article 18 also covers consequential damages resulting from damage to checked baggage. *See Deere & Co. v. Deutsche Lufthansa*

*Aktiengesellschaft*, No. 81 C 4726, 1985 U.S. Dist. LEXIS 12735, at *7 (N.D.Ill.Dec. 16, 1985); *Saiyed v. Transmediterranean Airways*, 509 F.Supp. 1167, 1169 (W.D.Mich.1981). Because Plaintiff's personal injuries allegedly were caused by damage to his checked baggage, they could fall within the scope of Article 18. Article 18 does not provide a realistic remedy for personal injuries, however, because liability in such actions is limited by Article 22(2) to $ 9.07 per pound of damaged baggage. *See Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 260, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984). Accordingly, Plaintiff's personal injury claim is more appropriate under Article 17.

three days from the date of receipt of the checked baggage. Warsaw Convention, Art. 26, 49 Stat. 3020.[8] "Failing complaint within the times aforesaid, no action shall lie against the carrier, save in the case of fraud on his part." *Id.*

Plaintiff failed to give Defendants written notice within the required time period. (Am.Compl.¶ 29.) Therefore, his Article 18 claim would be barred unless there was "fraud" on the part of Defendants. The fraud exception includes "any intentional acts by the carrier or its agents which significantly decrease the likelihood of the shipper's giving notice during the brief period allowed." *Denby v. Seaboard World Airlines, Inc.*, 737 F.2d 172, 183 (2d Cir.1984).

To demonstrate fraud, Plaintiff alleges that he was advised that he could not make his claim for damage until he returned to the United States. (Am. Compl.¶ 26.) He further alleges that once in the United States, he was told that a verbal report was sufficient to give notice of the damage. (Am.Compl.¶¶ 27–28.) A reasonable jury could determine that Defendants' alleged representations, if in fact made, significantly decreased the likelihood that Plaintiff would give written notice during the brief period allowed. Accordingly, Plaintiff has alleged facts sufficient to establish fraud, and the Court will not dismiss his Article 18 claim. *Cf. Locks v. British Airways*, 759 F.Supp. 1137, 1140 (E.D.Pa.1991) (denying summary judgment where plaintiff alleged that an airline official promised to respond to his verbal complaint).[9]

## III. State Law Claims

The Convention provides an exclusive remedy for claims within its substantive scope. *El Al Isr. Airlines, Ltd. v. Tseng*, 525 U.S. 155, 172, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999) (holding that Article 17 preempts state law claims); *Cruz v. Am. Airlines, Inc.*, 193 F.3d 526, 531 (D.C.Cir. 1999) ("It is clear, then, that the Convention also provides the exclusive cause of action in cases 'covered by' Article 18."); *Onyeanusi v. Pan Am*, 952 F.2d 788, 793 (3d Cir.1992) ("When the Warsaw Convention applies, it is the exclusive remedy for actions against air carriers."). Recovery for Plaintiff's injuries, "if not allowed under the Convention, is not allowed at all." *Tseng*, 525 U.S. at 161, 119 S.Ct. 662. Accordingly, the applicability of the Convention preempts Plaintiff's state law claims, and insofar as Plaintiff's Amended Complaint asserts state law claims, those claims must be dismissed.

## IV. Punitive Damages

Punitive damages are not allowed under the Convention. *See In re Korean Air Lines Disaster*, 932 F.2d 1475, 1490 (D.C.Cir.1991); *In re Air Disaster at Lockerbie, Scot.*, 928 F.2d 1267, 1288 (2d Cir.1991). Accordingly, the Court will dismiss Plaintiff's claim for punitive damages.

## CONCLUSION

Because Plaintiff alleges that the damage to his wheelchair, the accident that allegedly caused his injuries, occurred on board the aircraft or in the course of operations of embarking or disembarking, the Amended Complaint states a cause of action for personal injuries under Article 17

---

8. United Air Lines has extended this limit to seven days in its published International Passenger Rules and Fares Tariff No. UA–1. (Mot. to Dismiss Pl.'s Am. Compl. Ex. C.)

9. Of course, to prevail, Plaintiff must actually prove that he was the victim of fraud, an assertion that Defendants contest. (Reply in Support of Defs.' Mot. to Dismiss Pl.'s Am. Compl. at 3 n. 1.)

of the Convention. Plaintiff's Amended Complaint also states a cause of action under Article 18 of the Convention for damage to his wheelchair, because, although no written notice was given during the period allowed, Plaintiff has alleged facts that may constitute fraud on the part of Defendants. Accordingly, Defendants' Motion to Dismiss will be denied as to Plaintiff's Article 17 and Article 18 claims.

The Convention preempts Plaintiff's state law claims. Accordingly, they will be dismissed. Additionally, the Court will dismiss Plaintiff's claim for punitive damages, as such recovery is prohibited by the Convention.

An Order follows.

## ORDER

**AND NOW,** this 28th day of August, 2001, upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint and the responses thereto, **IT IS ORDERED** that the Motion is denied in part and granted in part as follows:

a. The Motion to Dismiss Plaintiff's claims under the Warsaw Convention is **DENIED;**

b. The Motion to Dismiss Plaintiff's state law claims is **GRANTED;** and

c. The Motion to Dismiss Plaintiff's claims for punitive damages is **GRANTED.**